IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER P. MILLER, # S-16778, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COUNTY OF EFFINGHAM, )<br>and OFFICER JEREMY KYLE, )<br>)<br>Defendants. ) | Case No. 15-cv-1231-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Centralia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was a pretrial detainee at the Effingham County Jail ("Jail"). Plaintiff alleges that Defendant Kyle was responsible for placing him in a situation where he was attacked and severely beaten by a fellow detainee. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line

between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this juncture, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

In July 2014, Plaintiff was detained at the Jail. Soon after his incarceration, a fellow detainee, Jay Miller (no relation to Plaintiff), began to make death threats against Plaintiff. Plaintiff had previously testified as a witness against Jay Miller in his "high profile" criminal trial (Doc. 1-1, pp. 6-7, 10, 12).

Plaintiff requested to be placed in protective housing to avoid coming into contact with Jay Miller. Defendant Kyle refused to take any measures to protect Plaintiff's safety, however, and instead told Plaintiff that as a "snitch," he would "get everything [he] got coming to [him]" (Doc. 1-1, p. 13).

On or about July 19, 2014, Plaintiff was taken to the Jail's visiting room to see his father. When he entered the visiting area, Plaintiff noticed that Jay Miller was already there, talking to a visitor. Seeing Plaintiff, Jay Miller shouted that he did not care if he got life in prison, "as long as he kills Christopher [Plaintiff]" (Doc. 1-1, p. 14). Defendant Kyle, who had been observing the detainees and visitors, entered the room and ordered everybody but Plaintiff to leave. Jay Miller remained in the visiting room, however, and attacked Plaintiff, striking several blows to Plaintiff's head and face with his handcuffs. Plaintiff sustained severe head injuries from this beating, and he must now take medications to treat blackouts, "panic seizure attacks,"

depression, paranoia, and anxiety (Doc. 1-1, p. 15).

Plaintiff outlines several claims against Defendant Kyle, including a violation of his Eighth and Fourteenth Amendment rights for failure to protect Plaintiff from Jay Miller, and state law claims for willful and wanton misconduct and intentional infliction of emotional distress (Doc. 1-1, pp. 16-20). He also asserts that Effingham County maintained the unconstitutional custom and practice of failing to provide protective housing for its detainees, and failed to train its employees on measures to provide detainees with proper housing, safety, and security (Doc. 1-1, pp. 20-24). Plaintiff seeks compensatory and punitive damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts, which correspond to Plaintiff's designation of his claims. Each of these claims shall receive further review. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Fourteenth Amendment claim against Defendant Kyle, for failing to protect Plaintiff from the threatened attack by detainee Jay Miller;
>
> **Count 2:** State law claim against Defendant Kyle for willful and wanton misconduct, for failing to protect Plaintiff from the threatened attack by detainee Jay Miller;
>
> **Count 3:** State law claim against Defendant Kyle for intentional infliction of emotional distress, for telling Plaintiff he would receive everything he had coming to him for being a "snitch;"
>
> **Count 4:** Fourteenth Amendment claim against Defendant Effingham County, for maintaining a custom and practice of denying protective housing to detainees at the Jail;
>
> **Count 5:** Fourteenth Amendment claim against Defendant Effingham County, for failure to train its employees, including Defendant Kyle, to protect detainees from assault.

**Count 1 – Failure to Protect**

While Plaintiff has invoked both the Eighth and Fourteenth Amendments in this civil rights action, claims brought by pretrial detainees arise only under the Fourteenth Amendment. The Eighth Amendment applies to convicted prisoners. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000) (§ 1983 claims brought by detainees arise under the Fourteenth Amendment and not the Eighth Amendment). Even so, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

Jail officials have a duty to protect pretrial detainees from violence caused by other inmates. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). Liability attaches only where the officer was aware that the detainee faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). In order to prevail on his claim against Defendant Kyle, Plaintiff must show first that he was at risk of harm and that Defendant Kyle knew about this risk and disregarded it. *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

Plaintiff has alleged exactly that–he informed Defendant Kyle that he had been threatened by Jay Miller and requested a change in his housing arrangements, but Defendant Kyle refused to take any protective measures. Plaintiff further suggests that Defendant Kyle intentionally left Plaintiff in the visiting room in close proximity to Jay Miller, leaving him vulnerable to the attack that ensued. **Count 1** shall thus proceed for further consideration.

**Count 2 – Willful and Wanton Misconduct**

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

Here, Plaintiff's state law claims in Counts 2 and 3 are based on the identical factual allegations that support Count 1. Plaintiff asserts that Defendant Kyle intentionally denied his repeated requests for protective housing, despite Defendant Kyle's knowledge of Jay Miller's death threats against Plaintiff.

"Wilful and wanton conduct" is defined in the Illinois Local Governmental and Governmental Employees Tort Immunity Act as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others . . . ." 745 ILL. COMP. STAT. 10/1-210. Plaintiff's factual allegations track this language, and he may have a viable state law claim against Defendant Kyle. Accordingly, **Count 2** shall also receive further consideration.

**Count 3 – Intentional Infliciton of Emotional Distress**

Under Illinois law, the tort of intentional infliction of emotional distress covers only acts that are truly "outrageous," that is, an "'unwarranted intrusion . . . calculated to cause severe emotional distress to a person of ordinary sensibilities.'" *Knierim v. Izzo*, 174 N.E.2d 157, 164 (Ill. 1961) (quoting *Slocum v. Food Fair Stores of Fla.*, 100 So. 2d 396 (Fla.1958)). *See Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). The tort has three components: (1) the conduct

involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, a defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker*, 256 F.3d at 490 (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp.*, *Inc.*, 610 N.E.2d 745, 749 (Ill. App. 1993). Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case. *Honaker*, 256 F.3d at 490.

Plaintiff bases his claim in Count 3 on Defendant Kyle's comments, after refusing Plaintiff's requests for protection, that Plaintiff was a "snitch" who would get what was coming to him. Plaintiff was already in fear for his life, and these comments appear to have heightened his distress. The feared attack then came to pass, as a result of Defendant Kyle's acts and omissions. At this early stage, Plaintiff may also proceed with **Count 3**.

### Count 4 – Municipal Custom/Practice to Deny Protective Housing

Counts 4 and 5 again invoke federal constitutional rights, under the Fourteenth Amendment. In order to obtain relief against a municipality such as Defendant County of Effingham, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi*, 449 F.3d at 765. *See also Monell*, 436 U.S. at 694. "The 'official policy' requirement for liability

under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). *See also Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'" (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007))).

In this case, Plaintiff claims that Defendant Effingham County has a long-time practice of failing to provide detainees with protective housing or other security measures. As a result, he was denied such protection and placed in the visiting cell with the inmate who had threatened him. Taking these allegations as true, **Count 4** shall proceed along with Plaintiff's other claims.

### Count 5 – Failure to Train

Finally, Plaintiff asserts that he was injured as a result of Defendant Effingham County's failure to train Jail employees to protect detainees from assaults by other inmates. Under limited circumstances, a municipality's failure to train may amount to an official custom or policy that can serve as the basis for liability under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). Establishing liability for the failure to train requires proof of "deliberate indifference" to the rights of persons likely to come in contact with the municipality's employees. *Id.* at 388 ("only where a failure to train reflects a 'deliberate' or 'conscious' choice" can a city, county, or other municipality "be liable for such a failure under § 1983."). Such proof can take the form of either "(1) failure to provide adequate training in light of foreseeable consequences; or (2) failure to act in response to repeated complaints of constitutional violations by its officers." *See Rome v.*

*Meyers*, 353 F. App'x 35, 36-37 (7th Cir. 2009) (citing *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006)). A plaintiff must allege that the failure to train is the result of an official custom or policy of the city, county, or municipality that he or she is suing. *See City of Canton*, 489 U.S. at 389; *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) ("We shall find deliberate indifference on the part of policy makers only when such indifference may be considered a municipal policy or custom."). A custom or policy may exist where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights," that the deficient training can be inferred as a deliberate slight. *Id*. (citing *City of Canton*, 489 U.S. at 390).

Plaintiff's pleading is sufficient to state a constitutional claim against Defendant Effingham County at this juncture; **Count 5** shall also proceed for further consideration.

### Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) shall be addressed in a separate order.

The motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED.** Service shall be ordered below on each Defendant.

### Disposition

The Clerk of Court shall prepare for Defendants **COUNTY of EFFINGHAM** and **KYLE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of

employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 2, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**